# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 2141
GOLDEN HILL,
Appellant,
vs.
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
Respondent.

No. 71246

**FILED**

DEC 2 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). The record contains undisputed evidence that the former homeowner made payments sufficient to satisfy the superpriority component of the HOA's lien and that the HOA applied those payments to the superpriority component of the former homeowner's outstanding balance. Thus, the district court correctly determined that at the time of the foreclosure sale, there was no superpriority component of the HOA's lien that could have extinguished respondent's deed of trust.

Although appellant correctly points out that there were new unpaid monthly assessments at the time of the sale, these new unpaid monthly assessments could not have comprised a new superpriority lien absent a new notice of delinquent assessments. *See* NRS 116.3116(2) (2012) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due in the absence of acceleration *during the 9 months immediately preceding*

17-44291

*institution of an action to enforce the lien"* (emphasis added)); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev., Adv. Op. 3, 388 P.3d 226, 231 (2017) (recognizing under the pre-2015 version of NRS 116.3116 that serving a notice of delinquent assessments constitutes institution of an action to enforce the lien); *cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys., Inc.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process in order to enforce a second superpriority lien). We also disagree with appellant's argument that respondent needed to record a document showing that the former homeowner satisfied the superpriority component of the HOA's lien before the sale. While appellant's argument highlights the fortuitous result for respondent in this case, appellant cites no authority in support of imposing such a requirement on respondent.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]Although appellant argues it was a bona fide purchaser, appellant has not explained how its putative BFP status could have revived the already-satisfied superpriority component of the HOA's lien. Similarly, to the extent that NRS 116.31166 (1993) affords conclusive proof to certain matters recited in appellant's deed, that statute is silent on the type of property interest that was conveyed at the sale.

[2]In light of this disposition, the parties' remaining arguments are moot.

cc: Hon. Gloria Sturman, District Judge
Law Offices of Michael F. Bohn, Ltd.
Smith Larsen & Wixom
Eighth District Court Clerk